IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| **DEBRA VORLEAMESI,** * | |
| Plaintiff, * | |
| v. * | Case No.: PWG 20-cv-0442 |
| **MARK ESPER,** Secretary * | |
| U.S. Department of Defense * | |
| Defendant. * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This memorandum opinion addresses Defendant Secretary of Defense Mark Esper's[1] Motion to Dismiss or, in the alternative, for Summary Judgment, on Plaintiff Debra Vorleamesi's claims under the Age Discrimination in Employment Act ("ADEA") for age discrimination and under the Rehabilitation Act for disability discrimination. ECF No. 20. Having reviewed the filings,[2] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated herein, the motion, which I will treat as a motion for summary judgment, is GRANTED.

**BACKGROUND**

Ms. Vorleamesi worked as a Pharmacy Technician at the Walter Reed National Military Medical Center in Bethesda, Maryland from 2000 to 2018. Amended Complaint ("Compl.") ¶ 15, ECF No. 1. Ms. Vorleamesi was absent from work throughout 2017 and 2018, which resulted in her supervisor issuing her, first, a "Notice of Leave Restriction," and, second, a "Notice of

---

[1] This case was originally brought against Patrick M. Shanahan, Acting Secretary, U.S. Department of Defense. ECF No. 1.
[2] Plaintiff filed a response in opposition, ECF No. 21, and Defendant filed a reply, ECF No. 22.

Proposed Removal for allegedly being Absent Without Leave (AWOL)." *Id*. ¶¶ 18, 19, 23. On August 9, 2018, as a result of her prolonged absences that she alleges were due to receiving treatment for Congestive Heart Failure, Ms. Vorleamesi accepted a Negotiated Settlement Agreement, which required her to resign. *Id*. ¶ 24. At the time of her resignation, Ms. Vorleamesi was 59 years old and thus is a member of a protected class under the ADEA. *Id*. ¶¶ 1, 28 (noting date of birth of February 1, 1959); 29 U.S.C. § 631(a) (ADEA applies to those over 40 years old).

The complaint further alleges Ms. Vorleamesi's Congestive Heart Failure renders her disabled, placing her within a protected class under Rehabilitation Act. *Id*. ¶ 43. This disability led to Ms. Vorleamesi using unscheduled leave approximately twelve times in 2017. *Id*. ¶ 18. On December 13, 2017, Ms. Vorleamesi's supervisor, James Chen, issued the "Notice of Leave Restriction," which limited her use of unscheduled leave. *Id*. ¶ 19. However, more absences followed and the complaint alleges Ms. Vorleamesi informed Mr. Chen throughout the period from April 26, 2018 through May 22, 2018 that she was experiencing complications from her heart condition. *Id*. ¶ 20. Those complications were severe enough to require hospitalization. *Id*. ¶ 20. However, on June 12, 2018, Mr. Chen issued then issued the "Notice of Proposed Removal for allegedly being [AWOL]" during the period within which she was hospitalized. *Id*. ¶ 23. On August 9, 2019, as noted, Ms. Vorleamesi accepted the Negotiated Settlement Agreement that required her voluntary resignation in exchange for the Agency agreeing not to issue the Notice of Proposed Removal. *Id*. ¶ 24; Ex 11 to Def.'s Mot. 3, ECF No. 20-12 (Settlement Agreement). The complaint alleges Ms. Vorleamesi "believes that her Age and her Disability were factors in this decision." *Id*. ¶ 25. She proceeded to file a formal EEO complaint that was ultimately dismissed. *Id*. ¶¶ 10–11.

On May 28, 2019, Ms. Vorleamesi filed a complaint in the United States District Court for the District of Columbia against Acting Secretary Shanahan. Complaint, ECF No. 1. The complaint alleged three causes of action: in Count 1, a violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621, *et seq.* for employment discrimination on the basis of age; in Count 2, a violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, *et seq.* for discrimination based on disability; and, in Count 3, a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* for a hostile work environment.

On September 26, 2019, the case was transferred to this Court in light of Walter Reed being located in this district. Transfer Order, ECF No. 9. Shortly after the case was transferred and assigned to me, the Secretary requested permission to file a motion to dismiss or, in the alternative, for summary judgment. Def.'s Pre-Mot. Letter, ECF No. 14. I then afforded Ms. Vorleamesi an opportunity to amend her complaint in light of the Secretary's letter and set a briefing schedule for the motion. Letter Order, ECF No. 15. After Ms. Vorleamesi's amended complaint was filed, abandoning the Title VII claim (ECF Nos. 17, 19), the Secretary filed this motion. ECF No. 20. Ms. Vorleamesi filed a response in opposition (ECF No. 21), and the Secretary a reply (ECF No. 22).

## STANDARD OF REVIEW

### I.   Rule 12(d) Conversion

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB–12–1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see also CACI Int'l v. St. Paul Fire &*

3

*Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). However, if the Court considers matters outside the pleadings, the Court must treat the motion as a one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.*, 916 F. Supp. 2d 620, 622–23 (D. Md. 2013).

Under Fourth Circuit law, proper conversion under Rule 12(d) requires two conditions: (1) that all parties "be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment;" and (2) that all parties "be afforded a reasonable opportunity for discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). Notably, "the Federal Rules do not prescribe that any particular notice be given before a Rule 12 motion is converted to a Rule 56 motion." *Ridgell v. Astrue*, DKC–10–3280, 2012 WL 707008, at *7 (D. Md. Mar. 2, 2012). Thus, this requirement "can be satisfied when a party is 'aware that material outside the pleadings is before the court.'" *Walker v. Univ. of Md. Med. Sys. Corp.*, No. CCB-12-3151, 2013 WL 2370442, at *3 (D. Md. May 30, 2013) (quoting *Gay*, 761 F.2d at 177). Indeed, while the Court "clearly has an obligation to notify parties regarding any court-instituted changes in the pending proceedings, [it] does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). Here, the title of the motion itself, "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," makes it obvious that the Court might construe the defendant's motion as seeking summary judgment, rather than dismissal, and thereby provides sufficient notice to the Plaintiff. *See Ridgell*, 2012 WL 707008, at *7; *Laughlin*, 149 F.2d at 260–61.

As the Fourth Circuit has also instructed, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods*

4

*Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). The conventional way to accomplish this is to file an affidavit or declaration under Federal Rule of Civil Procedure 56(d) that specifies why the nonmovant cannot present facts essential to its opposition. Fed. R. Civ. P. 56(d).

Here, Ms. Vorleamesi has not filed an affidavit or declaration identifying any discovery that she needs in order to fully respond to a summary judgment motion. Rather, she has responded to the Secretary's alternative theories for dismissing her complaint. Because Ms. Vorleamesi has not identified any material that she requires to adequately respond to the motion, I find that the most appropriate approach is to address the Secretary's motion as one for summary judgment and I will consider the exhibits provided.

## II.   **Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) provides for the judgment in favor of the movant "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In reviewing the evidence related to a motion for summary judgment, the Court considers undisputed facts, as well as the disputed facts viewed in the light most favorable to the non-moving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 391–92 (4th Cir. 2009); *Dean v. Martinez*, 336 F. Supp. 2d 477, 480 (D. Md. 2004). Only factual disputes that "might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Additionally, the factual dispute must be genuine to defeat a motion for summary judgment, in that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *Scott v. Harris*, 550 U.S. 372, 380 (2007). It is the nonmoving party's burden to confront a motion for summary judgment with affirmative evidence

to show that a genuine dispute of material fact exists. *Anderson*, 477 U.S. at 256. A plaintiff nonmovant, "to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor." *Id.*

## DISCUSSION[3]

**I.    ADEA Claim**

A claim of age discrimination claim under the ADEA consists of the following elements: 1) the plaintiff is a member of a protected class; 2) the plaintiff was performing her job satisfactorily, 3) the employer took adverse action against the plaintiff, and 4) the plaintiff's employer treated similarly situated employees outside the protected class more favorably. *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *White v. BFI Waste Servs., LLC.*, 375 F.3d 288, 295 (4th Cir. 2004)); *Thoopsamoot v. Regional Services Center*, No. PWG-13-1663, 2014 WL 1120239, at *7 (D. Md. Mar. 19, 2014) (applying *Coleman* to age discrimination claim). Importantly, to succeed on an age discrimination claim, the plaintiff must establish that age was the "but-for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009); *Cole v. Family Dollar*, 811 F. App'x 168, 172 (4th Cir. 2020) ("[A] plaintiff retains the ultimate burden to prove by a preponderance of the evidence that age or retaliation was 'the 'but-for' cause of the challenged employer decision.'")

The Secretary advances several arguments in favor of summary judgment, including that Ms. Vorleamesi was not subjected to adverse employment action, that her treatment was not a result of age-based discrimination, and that she has failed to allege a prima facie case of discrimination due to her speculative allegation that similarly situated employees were treated

---

[3]   Because I have found the Secretary is entitled to summary judgment, I decline to reach the issues associated with the Settlement Agreement. *See* Def.'s Mot. 13–16 (arguing settlement agreement bars Ms. Vorleamesi's claims).

6

more favorably. Def.'s Mot. 9–11.  In her opposition, Ms. Vorleamesi argues that there are genuine issues of material fact as to her discrimination claim.   But she also acknowledges that a plaintiff bringing an ADEA cause of action "must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." Pl.'s Opp. 14 (citing *Gross*, 557 at 177–78).  Although she asserts in conclusory fashion  that the "material facts at issue in this matter are for a trier of fact to decide," *id*., she fails to identify what those disputed material facts are, and, as noted below, reliance on her pleadings is insufficient to overcome this shortcoming.  Fed. R. Civ. P. 56(c)(1)(A) & (B).

In short,  Ms. Vorleamesi has failed to cite to any basis upon which I could find that there exist genuine disputes of material fact as to whether age was the but-for cause of her termination from employment.  She has not provided an affidavit or declaration presenting facts in a form that would be admissible in evidence to call into genuine dispute the Secretary's exhibits in support of his motion, nor has she cited instances of contradictory facts within those exhibits (nor does the Court's review of the exhibits reveal any such contradictions).  The opposition instead argues that she "clearly establishes genuine facts which show that only after her disability . . . resulted in several hospitalizations, the Defendant, in violation of the ADEA, used her absences as a pretext to justify progressive disciplinary actions . . . which ultimately led to her [resignation]." Pl.'s Opp. 15. But here, the only effort to support an argument with evidence comes from the Secretary's citations to repeated notices that Ms. Vorleamesi was AWOL throughout the months from February to May of 2018. *See, e.g*., Ex. 5 to Def.'s Mot., ECF No. 20-6 (noting two unexcused absences in April and two in May, as well as four dates where Ms. Vorleamesi both arrived late and departed early); Ex. 7 to Def.'s Mot., ECF No. 20-8 (recording each instance of "tardiness and absence between 2/12/2018 and 5/23/2018," noting approximately 60 such instances).  This

evidence, and Ms. Vorleamesi's failure to meaningfully dispute it, shows that there are no disputes of material fact that her absences and failure to abide by applicable leave policies led to her termination from employment, not her age.

In an attempt to bolster her opposition, Ms. Vorleamesi cites to her amended complaint, in which alleges she put the Defendant on notice of the circumstances that led to her hospitalizations, and thus her absences. Pl.'s Opp. 9 (citing Am. Compl. ¶ 17). But it is hornbook law that reliance on a complaint is insufficient to oppose a motion for summary judgment. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("[T]he non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion."). An opposition to summary judgment must be supported by admissible evidence. Plaintiff has failed to provide the requisite support to substantiate her opposition.

## II. Rehabilitation Act Claim

Ms. Vorleamesi's opposition to the motion as to her Rehabilitation Act claim for disability discrimination fares no better. Establishing a prima facie case of discrimination under the Rehabilitation Act requires a plaintiff to show: "(1) she has a disability under the [Rehabilitation Act]; (2) she is qualified for the employment in question; and (3) she suffered an adverse employment action due to discrimination on the basis of disability." *Brockman v. Snow*, 217 F. App'x 201, 208 (4th Cir. 2007) (citing *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir.1995)); *see also Tafazzoli v. Nuclear Regulatory Comm'n*, No. PWG-19-321, 2020 WL 7027456, at *15 (D. Md. Nov. 30, 2020). In her complaint, Ms. Vorleamesi alleges that she was subjected to materially adverse employment actions and that any proffered legitimate reason for those actions would be pretextual. Compl. ¶ 46.

The Secretary argues he is entitled to summary judgment on the Rehabilitation Act claim because Ms. Vorleamesi was not otherwise qualified for her position due to excessive absenteeism, and because she has done "nothing to link the purported actions taken by the Secretary to her disability." Def.'s Mot. 12–13 (citing *Diggs v. Kelly*, No. PJM 15-2378, 2017 WL 1104671, at *5 (D. Md. Mar 23, 2017) (noting "regular and reliable" attendance is an essential function of employment)).

The opposition memorandum again asserts in conclusory fashion that Ms. Vorleamesi "has presented sufficient circumstantial evidence to show that there are genuine issues of material fact" as to the Rehabilitation Act claim. Pl.'s Opp. 16. But she has not supported these assertions by citing to "particular parts of materials in the record" or by "showing that the materials cited [by the Secretary] do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). In the absence of such admissible evidence, she has failed to show that there are facts to create a genuine issue as to whether she was otherwise qualified for her position, or that her employer took adverse action against her because of her disability, not because of her absenteeism. On this point, the record is undisputed that she was terminated for absenteeism, not because of her disability. *E.g.*, Ex. 3 to Def.'s Mot. (Memorandum proposing suspension without pay for repeated instances of being absent without leave (AWOL)); Ex. 5 to Def.'s Mot. (examples of Plaintiff being AWOL in April and May). Nor are Ms. Vorleamesi's attempts to rely on her amended complaint useful because, again, reliance on the complaint is insufficient to defeat a motion for summary judgment, *Williams*, 952 F.2d at 823. Accordingly, summary judgment must be entered in favor of the Secretary on the Rehabilitation Act claim.

## CONCLUSION

For the reasons stated, the Secretary's motion is GRANTED. A separate order follows.


Date: August 19, 2021 _____/S/_____
Paul W. Grimm
United States District Judge